```
                  UNITED STATES DISTRICT COURT

                  MIDDLE DISTRICT OF LOUISIANA


ANTHONY G. BAILEY (#297843)

VERSUS                                      CIVIL ACTION

BURL CAIN, ET AL                            NUMBER 08-70-RET-SCR
```

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, August 20, 2008.

```
                              _____
                                  STEPHEN C. RIEDLINGER
                                  UNITED STATES MAGISTRATE JUDGE
```

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTHONY G. BAILEY (#297843)

VERSUS                                                      CIVIL ACTION

BURL CAIN, ET AL                                   NUMBER 08-70-RET-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the application of petitioner Anthony G. Bailey for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner was found guilty of one count attempted second degree murder in the Eighteenth Judicial District Court for the Parish of West Baton Rouge, Louisiana on April 26, 2002. On May 22, 2002, the petitioner was sentenced to 35 years imprisonment at hard labor. On June 10, 2002, the petitioner was adjudicated a habitual offender and was sentenced to life imprisonment at hard labor, without benefit of parole, probation or suspension of sentence, in the custody of the Louisiana Department of Public Safety and Corrections. Petitioner did not appeal his conviction and sentence.

Petitioner signed an application for post-conviction relief on April 8, 2003, and it was filed on April 11, 2003. Petitioner challenged his habitual offender adjudication. The state district court denied the petitioner's post-conviction relief application on June 3, 2003. Petitioner filed a notice of appeal but subsequently

1

advised the court that no appeal would be taken.

Petitioner signed a second application for post-conviction relief/motion for an out-of-time appeal on June 4, 2003, and it was filed on June 9, 2003.  The motion for an out-of-time appeal was granted on June 16, 2003.  Petitioner took no further action to appeal his conviction.

On April 1, 2004, the petitioner, through counsel, filed a second motion to file an out-of-time appeal.  Petitioner's motion to file an out-of-time appeal was granted on April 1, 2004.

The Louisiana First Circuit Court of Appeal affirmed the conviction, habitual offender adjudication and sentence. *State of Louisiana v. Anthony G. Bailey*, 2004-1108 (La. App. 1st Cir. 2/11/05), 895 So.2d 77 (unpublished opinion).  Petitioner filed a writ of certiorari to the Louisiana Supreme Court which denied review on June 3, 2005.  *State of Louisiana v. Anthony G. Bailey*, 2005-0673 (La. 6/3/05), 903 So.2d 456.

On March 21, 2005, the petitioner filed a motion to correct illegal sentence in the district court.  Following a hearing on April 5, 2005, the district court granted the motion and amended the petitioner's sentence to 70 years imprisonment at hard labor. Petitioner appealed.  The Louisiana First Circuit Court of Appeal vacated the April 5, 2005 sentence and reinstated the life sentence. *State of Louisiana v. Anthony G. Bailey*, 2005-1521 (La. App. 1st Cir. 3/29/06), 925 So.2d 774 (unpublished opinion).

Petitioner filed a writ of certiorari to the Louisiana Supreme Court. The Louisiana Supreme Court denied review on December 8, 2006. *State of Louisiana v. Anthony G. Bailey*, 2006-1421 (La. 12/8/06), 943 So.2d 1059.

On August 2, 2006, the petitioner filed a second motion to correct illegal sentence in the district court. On November 7, 2007, the district court denied the petitioner's motion to correct illegal sentence. Petitioner did not seek review from the appellate court.

On July 17, 2007, the petitioner filed a third application for post-conviction relief. On November 7, 2007, a hearing was held on the petitioner's post-conviction relief application. The court denied the petitioner's application for post-conviction relief. Petitioner did not seek review from the appellate court.

Petitioner signed his federal petition for a writ of habeas corpus on January 30, 2008 and it was filed on February 1, 2008.

No evidentiary hearing is required. Petitioner's federal habeas corpus application is untimely.

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus. The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

seeking such review.  28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection.  A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D. Tex. 1998).  A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level.  *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

District courts may raise the AEDPA limitations period sua sponte.  *Smith v. Johnson*, 247 F.3d 240 (5th Cir. 2001); *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).

Petitioner's conviction became final no later than June 17, 2002.[1]  The fact that the petitioner was later granted an out-time-

---

[1] For the purposes of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  At the time of the petitioner's conviction, state law provided that an appeal must be made no later than five days after the rendition of judgment or ruling from which the appeal is taken. LSA-C.Cr.P. art. 914.  On July 1, 2003, the law was amended to provide that an appeal must be made no later than 30 days after the rendition of the judgment or
(continued...)

4

appeal does not change the date his conviction became final for the purpose of the AEDPA's limitation period. *Salinas v. Dretke*, 354 F.3d 425, 430 (5th Cir.), *cert. denied*, 541 U.S. 1032, 124 S.Ct. 2099 (2004) (the granting of a request for out-of-time review tolls the AEDPA limitations period, but it does not restart the running of that period); *McGee v. Cain*, 104 Fed. Appx. 989, 991-992 (5th Cir. 2004) (applying *Salinas* rationale to Louisiana out-of-time writ application).

From the date the petitioner's conviction became final on June 17, 2002, until April 8, 2003, the date petitioner signed his first application for post-conviction relief, 294 days of the limitations period elapsed.  The limitations period remained tolled until June 3, 2003, the date the district court denied the petitioner's post-conviction relief application.  Petitioner did not seek review by the appellate court.  Petitioner signed his second application for post-conviction relief/motion for an out-of-time appeal on June 4, 2003.  From June 4, 2003, until June 16, 2003, the date the district court granted the petitioner's motion for an out-of-time appeal, the limitations period remained tolled.  Petitioner took no further action to appeal his conviction.  From June 16, 2003, the

---

[1](...continued)
ruling from which the appeal is taken.
    Petitioner was adjudicated a habitual offender and sentenced to life imprisonment on June 10, 2002.  The fifth day fell on June 15, 2002, which was a Saturday.  Thus, the time period was extended to the next business day for the court, which was Monday, June 17.

5

date the district court granted the petitioner's motion for an out-of-time appeal, until April 1, 2004, the date the petitioner filed his second motion to file an out-of-time appeal, an additional 289 days elapsed.

By the time the petitioner sought an out-of-time appeal on April 1, 2004, more than one year of the limitations period (583 days) had elapsed.  Excluding the time while state post conviction or other collateral review was pending in state court, more than one year passed from the effective date of the AEDPA until the date the petitioner filed his federal petition for a writ of habeas corpus.  Petitioner's federal petition for a writ of habeas corpus was not timely filed.[2]

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Baton Rouge, Louisiana, August 20, 2008.

／s／ Stephen C. Riedlinger
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2] In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief.  *Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999).  A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling.  *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).